**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**IN ADMIRALTY**

IN THE MATTER OF:
PARADISE FAMILY, LLC, as Owner,
and ANOTHER DAY IN PARADISE
BOAT CLUB, LLC d/b/a FREEDOM
BOAT CLUB OF TAMPA BAY, as owner                    Case No. 8:22-cv-2093-CEH-AEP
*Pro Hac Vice*, of the M/V *Hard Knot Life*,
a 19' Hurricane Deck Boat bearing Hull
Identification Number GDY61898F121
and Florida Registration FL7139TA, its
Engines, Tackle, Appurtenances,
Equipment, & Etc., in a cause for
Exoneration from or Limitation of Liability,

       Petitioners.
_____/

**<u>ORDER</u>**

This matter is before the Court on Petitioners' [Unopposed][1] Motion for Entry

of Final Default Judgment of Exoneration Against all Persons and Entities Who did

not Respond to the Petition for Exoneration or Limitation (Doc. 22). The Court,

having considered the motion and being fully advised in the premises, will grant

Petitioners' motion.

**I.      BACKGROUND**

On September 8, 2022, Petitioners initiated this action pursuant to the

Limitation of Liability Act, 46 U.S.C. § 30501 *et. seq*. (the "Act"), and Rule F of the

---

[1] Petitioners represent that counsel for Andrew Martino, the only claimant to present a claim
to date, does not oppose their motion. Doc. 22, ¶¶ 6, 9.

Supplemental Rules for Admiralty or Maritime Claims ("Supplemental Rule F"), claiming the right to exoneration from or limitation of liability for all claims arising out of an alleged incident that occurred on or about February 24, 2022, as more particularly described in the Complaint for Exoneration From or Limitation of Liability ("Complaint"). Doc. 1. In their Complaint, Petitioners, as owners of the *Hard Knot Life* (the "Vessel"), requested this Court to notice all persons, firms or corporations asserting claims for any and all losses, damages, injuries, or destruction with respect to which Petitioners seek exoneration from or limitation of liability and order such parties to file their respective claims with the Clerk of this Court. *Id*. at 4. Petitioners sought a judgment that they and the Vessel, and its owners, masters, crew, employees, club members, and agents, are not liable for any losses, damages, injuries, or destruction, or for any claim whatsoever done, occasioned, or incurred as the result of the incident described in the Complaint. *Id*. at 5.

On September 9, 2022, Petitioners filed an *Ad Interim* Stipulation for Costs and Value (Doc. 5) and a Motion to Approve *Ad Interim* Stipulation and for a Monition and Injunction (Doc. 6). Among other things, Petitioners requested in their motion that the time period/deadline for potential claimants to file their respective claims be set for at least six weeks after issuance of the Monition to ensure the time needed for publication and afford ample opportunity for potential claimants to respond. *Id*. at 3, ¶ 6. Petitioners attached to their motion a proposed Monition & Injunction (Doc. 6-1) and a proposed Order (Doc. 6-2). Petitioners included a deadline of *October 21, 2022*, for potential claimants to file their respective claims and serve copies on Petitioners'

counsel or be defaulted in their proposed Monition & Injunction and proposed Order. Docs. 6-1, 6-2 (emphasis added). Petitioners did not attach to their motion or otherwise submit a proposed notice of monition.

On September 14, 2022, the Magistrate Judge approved Petitioners' *Ad Interim* Stipulation, directed that a Monition issue out of and under the Court's seal, stayed and restrained any action with respect to any claim arising out of the incident set forth in the Complaint, and ordered potential claimants to file with the Clerk of Court their respective claims and answers to the Complaint by *October 28, 2022*, or be defaulted.[2] Doc. 8 at 2, 3 (emphasis added). The Magistrate Judge also ordered that public Notice of Monition be given by publication as required by Supplemental Rule F. *Id.* at 3.

On September 16, 2022, Petitioners mailed and emailed a copy of the Complaint, the *Ad Interim* Stipulation, and the Magistrate Judge's Order to counsel for Andrew Martino pursuant to Supplemental Rule F(4). Doc. 12-1. Petitioners explained in their email that they were sending the documents because they were waiting for the Monition & Injunction to issue, and they advised counsel that her client had until *October 28, 2022*, to answer the Complaint and make a claim. *Id.* at 1 (emphasis added).

---

[2] The Monition issued by the Clerk of Court was not filed in the electronic docket. The Notice of Monition, *i.e.*, the Monition & Injunction issued by the Clerk, was not filed separately in the electronic docket but Petitioners filed a copy of it with their Notice of Filing Proof of Publication (Doc. 13).

On October 25, 2022, Andrew Martino filed his Answer to the Complaint (Doc. 9) and claim for damages (Doc. 10) pursuant to Supplemental Rule F(5). No other potential claimants answered the Complaint or made a claim.

On November 15, 2022, Petitioners filed a Notice of Filing Proof of Publication. Doc. 13. Petitioners submitted an Affidavit and a copy of the Notice of Monition, *i.e.*, the Monition & Injunction issued by the Clerk, as proof of publication, which reflected that notice of this action was published in the *Tampa Bay Times*, a daily newspaper printed and published in Pinellas County, Florida, on October 5, 2022; October 12, 2022; October 19, 2022; and October 26, 2022. Doc. 13-1. It instructed all persons or entities claiming damages arising from the incident set forth in the Complaint to file their respective claims with the Clerk of Court by *October 21, 2022. See id*. (emphasis added).

On January 6, 2023, Petitioners moved for a Clerk's default against all non-appearing/non-filing potential claimants. Doc. 15. On January 9, 2023, the Clerk entered default against unknown potential claimants who failed to appear, answer, or otherwise respond to the Complaint. Doc. 17. To date, no potential claimants have moved to set aside the Clerk's entry of default or otherwise appeared.

Petitioners now request the Court enter a final default judgment as to all non-filing claimants. Doc. 22. Petitioners, however, do not address the discrepancy between the claims filing deadline in the Magistrate Judge's Order and that in the Notice of Monition, *i.e.*, the Monition & Injunction issued by the Clerk, published in the *Tampa Bay Times*, or the import of the discrepancy under Supplemental Rule F(4).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default final judgment. Fed. R. Civ. P. 55. First, when a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a). Second, if the party's claim is for a sum certain or an ascertainable sum, then the clerk, upon the party's request and upon an affidavit of the amount due, must enter a judgment by default. Fed. R. Civ. P. 55(b)(1). In all other cases, the party entitled to judgment must apply to the district court for a default judgment. Fed. R. Civ. P. 55(b)(2). Courts follow this same two-step process in cases arising under the Act. *See In re Complaint of Wild Fla. Airboats, LLC*, No. 16-cv-2207-Orl-31GJK, 2017 WL 3891777, at *2-3 (M.D. Fla. Aug. 29, 2017), *report and recommendation adopted*, 2017 WL 3877598 (M.D. Fla. Sept. 5, 2017) (entering default judgment against potential claimants that failed to assert a claim by the deadline).

Supplemental Rule F(4) sets forth notice and filing of claims deadlines for cases filed pursuant to the Act. It states, in pertinent part:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the [petitioners] a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The [petitioners] not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the

[petitioners] arising out of the voyage or trip on which the claims sought
to be limited arose.

Fed. R. Civ. P. Supp. R. F(4). Supplemental Rule F(5) directs claimants to file a claim

"on or before the date specified in the notice." Fed. R. Civ. P. Supp. R. F(5). "If a

claimant desires to contest either the right to exoneration from or the right to limitation

of liability the claimant shall file and serve an answer to the complaint unless the claim

has included an answer." *Id*.

In cases governed by these rules, a default judgment will be entered against any

potential claimant who has failed to respond to a public notice of a complaint for

exoneration from or limitation of liability (*i.e.*, the Notice of Monition or, here, the

Monition & Injunction issued by the Clerk) within the established notice period,

provided that such notice complies with the applicable rules. *See In re Sarasota Youth

Sailing, Inc.,* No. 8:21-cv-150-CEH-CPT, 2021 WL 4256575, at *2-3 (M.D. Fla. Sept.

17, 2021); *In re Complaint of Wild Fla. Airboats, LLC*, 2017 WL 3891777, at *2-3; *In re

Freedom Marine Sales, LLC*, No. 8:19-cv-939-JSM-SPF, 2019 WL 3848875, at *2 (M.D.

Fla. July 31, 2019) (quoting *In re Petition of Holliday*, No. 6:14-cv-1709-JA-DAB, 2015

WL 3404469, at *3 (M.D. Fla. May 26, 2015)), *report and recommendation adopted*, 2019

WL 3835945 (M.D. Fla. Aug. 15, 2019).

## III.   DISCUSSION

Petitioners fulfilled their obligation to publish a notice of this limitation

proceeding once per week for four consecutive weeks in the *Tampa Bay Times* as

required by Supplemental Rule F(4) and by mailing, via U.S. mail and email, a copy

of their Complaint and the Magistrate Judge's Order approving their *Ad Interim* Stipulation and directing issuance of a Monition and Injunction to all known potential claimants as required by Supplemental Rule F and Section Six of the Middle District of Florida's Admiralty and Maritime Practice Manual. The Magistrate Judge's Order (Doc. 8) and the Notice of Monition, *i.e.*, the Monition & Injunction (Doc. 13-1) issued by the Clerk, expressly stated that a consequence of failing to file a timely claim was default.

Although the Notice of Monition, *i.e.*, the Monition & Injunction issued by the Clerk (Doc. 13-1), provided an incorrect deadline for filing a claim—October 21, 2022, instead of October 28, 2022, as ordered by the Magistrate Judge—the Court finds this inadvertent error harmless. *See In re Baywatch Boat Rentals, Tours & Charters, Inc.*, No. 21-24488-Civ, 2023 WL 5002797, at *2-3 (S.D. Fla. July 20, 2023) (recommending that motion for default judgment as to non-filing claimants be granted despite petitioner's technical non-compliance with Rule F(4)'s time requirements for providing mailed written notice to a claimant where the petitioner provided written notice to the claimant after the monition period with an opportunity to file a claim but the claimant did not file a claim or otherwise appear), *report and recommendation adopted*, 2023 WL 4998615 (S.D. Fla. Aug. 4, 2023); *James v. M/V Eagle Exp.*, No. CA 12-423-MJ-C, 2012 WL 3068791, at *1 n.3 (S.D. Ala. July 27, 2012) (applying harmless error analysis in an admiralty case involving Supplemental Rule B); *see generally Tex. Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 362 (5th Cir. 1963) ("Admiralty is administered with equitable liberality and a simultaneous freedom from

7

restraints or frustrations occasioned by technicalities or formal imperfections.")
(citations omitted).[3] Specifically, more than one year has passed since the expiration
of either deadline to file a claim, the only potential claimant to file a claim by either
deadline is Andrew Martino, no potential claimant moved for more time to file a
claim, and it has been more than one year since the Clerk's entry of default and no
potential claimant has moved to set aside the default or otherwise appeared in this
action. Additionally, the deadline published in the Notice of Monition, *i.e.*, the
Monition & Injunction issued by the Clerk, likely put any potential claimant on notice
that it was incorrect because it predated the last date on which the Notice of Monition,
*i.e.*, the Monition & Injunction issued by the Clerk, was published.

Under these circumstances, Petitioners have demonstrated that an entry of
default judgment is warranted. *See In re Baywatch Boat Rentals, Tours & Charters, Inc.*,
2023 WL 4998615 (granting motion for default judgment as to non -filing claimants
where petitioner did not fully comply with Supplemental Rule F(4)); *see also In re
Sarasota Youth Sailing, Inc.,* 2021 WL 4256575, at *2-3 (granting motion for entry of
final default judgment against non-filing claimants where petitioner published notice
in local newspaper for four consecutive weeks with the notice indicating the deadline
to file a claim or answer); *In re Newport Freedog, LLC*, No. 8:18-cv-647-SDM-AEP, 2018
WL 3687986, at *2 (M.D. Fla. July 16, 2018) (recommending that motion for default
judgment against non-filing claimants be granted because plaintiffs satisfied their

---

[3] In *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981), the Eleventh Circuit adopted as
binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981.

obligations under Supplemental Rule F(4)), *report and recommendation adopted sub nom.,*

*Newport Freedog, LLC, v. Pepin*, 2018 WL 3656475 (M.D. Fla. Aug. 2, 2018).

Accordingly, it is hereby

**ORDERED:**

1.  Petitioners' [Unopposed] Motion for Entry of Final Default Judgment of Exoneration Against all Persons and Entities who did not Respond to the Petition for Exoneration or Limitation (Doc. 22) is **GRANTED**.

2.  All persons and entities who have failed to timely respond, file claims, and/or file answers by the Monition deadline are hereby defaulted and barred from filing future claims against Petitioners, **PARADISE FAMILY, LLC**, as Owner, and **ANOTHER DAY IN PARADISE BOAT CLUB, d/b/a FREEDOM BOAT CLUB OF TAMPA BAY**, as owner *Pro Hac Vice*, of the M/V *Hard Knot Life,* a 19' Hurricane Deck Boat bearing Hull Identification Number GDY61898F121 and Florida Registration FL7139TA, its Engines, Tackle, Appurtenances, Equipment, & Etc., arising from the events more fully described in Petitioners' Complaint.

3.  Pursuant to Fed. R. Civ. P. 58, the Court will enter a separate final default judgment against all non-filing claimants, persons, and entities.

4.      Specifically excluded from this final default judgment is claimant Andrew

Martino.

**DONE AND ORDERED** in Tampa, Florida on April 19, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any